**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAZMIK OVANESYAN, | No. 08-72750 |
| Petitioner, | Agency No. A095-450-355 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2014[**]

Before:     LEAVY, GOULD, and BERZON, Circuit Judges.

Razmik Ovanesyan, a native of Iran and a citizen of Armenia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum

and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We grant the petition for review and we remand.

In light of the IJ's finding that Ovanesyan was credible, the record does not support the agency's determination that his asylum application was untimely. *See Khunaverdiants v. Mukasey*, 548 F.3d 760, 766-67 (9th Cir. 2008) (agency erred in finding application untimely where IJ credited petitioner's testimony about experiences in home country that occurred less than one year before he filed his asylum application).

In denying Ovanesyan's asylum and withholding of removal claims, the agency found Ovanesyan failed to establish a nexus to a protected ground. When the IJ and BIA issued their decisions in this case they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Ovanesyan's asylum and withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do

not reach Ovanesyan's remaining challenges to the agency's denial of his asylum and withholding of removal claims at this time.

**PETITION FOR REVIEW GRANTED; REMANDED.**

08-72750